UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

PB LIFE AND ANNUITY CO., LTD., *et al.*

    Debtors in Foreign Proceedings.

---

JOHN JOHNSTON AND EDWARD WILLMOTT, *as joint provisional liquidators on behalf of* PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD., *and* PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA, LTD., AND PB INVESTMENT HOLDINGS LTD.,

    Plaintiffs,

– against –

GREGREY EVAN LINDBERG *a/k/a* GREG EVAN LINDBERG, *et al.*,

    Defendants.

**OPINION & ORDER**

24 Civ. 1348 (ER)

---

RAMOS, D.J.:

    On February 14, 2024, John Johnston, the law firm Stevens & Lee, P.C. ("S&L"), and his lawyers at S&L—Nicholas F. Kajon, Constantine D. Pourakis, Eric M. Robinson, and Wade D. Koenecke—filed a notice of appeal from a February 1, 2024 order of the United States Bankruptcy Court for the Southern District of New York (Beckerman, J.) which held Johnston and his lawyers in civil contempt.

    On May 3, 2024, all appellants, except for Johnston, filed a motion to dismiss that

appeal without prejudice.[1]  Subsequently, on May 14, 2024, three of the five appellants that had moved to dismiss the appeal without prejudice—Kajon, Pourakis, and S&L— changed course and moved to dismiss the appeal *with prejudice* as to themselves only. Kajon, Pourakis, and S&L withdrew from the initial motion to dismiss, leaving Robinson and Koenecke as the only movants seeking to dismiss the appeal without prejudice as to themselves.

Before the Court are the two motions to voluntarily dismiss the appeal: the original motion to dismiss the appeal without prejudice, now only as to Robinson and Koenecke, and the motion to dismiss the appeal *with prejudice* as to Kajon, Pourakis, and S&L.  In the alternative to dismissal, the appellants seek an extension of the deadline to file their opening appeal brief.

For the reasons set forth below, the motions to dismiss are GRANTED.

I. BACKGROUND

A. The Underlying Disputes

*1. The North Carolina Rehabilitation Proceeding*

On June 28, 2019, the Wake County Superior Court of the State of North Carolina (hereinafter, the "NC Court") granted a petition filed by the Commissioner of Insurance of North Carolina to place four North Carolina Insurance Companies (the "NCICs"[2]) in a rehabilitation proceeding, a form of insurance receivership, due to issues with the NCICs' investments.  *See In re PB Life*, 2024 WL 728276, at *3 (citing to AP Doc. 7-1[3] (Order of Rehabilitation)).

---

[1] The appeal was dismissed as to Johnston only, with prejudice, via a stipulation of dismissal entered on May 8, 2024.  Docs. 18, 19.

[2] The NCICs are comprised of the Colorado Bankers Life Insurance Company, Bankers Life Insurance Company, Southland National Insurance Corporation, and Southland National Reinsurance Corporation. *See* Doc. 1-1 at 1.

[3] References to "Bankr. Doc." refer to documents filed in the underlying bankruptcy proceeding, *In re PB Life and Annuity Co., Ltd.*, No. 20-12791 (LGB), (Bankr. S.D.N.Y.).  References to "AP Doc." refer to documents filed in the underlying bankruptcy adversary proceeding, *Johnston v. Lindberg, et al.*, Case No. 23 Adv. Proc. 1000 (LGB) (Bankr. S.D.N.Y. Jan. 4, 2023).  References to "Doc." refer to documents filed in the instant matter.

As part of the rehabilitation proceeding, the NC Court issued an injunction prohibiting the filing of any suit or other action against the NCICs without prior permission of the NC Court. *See* Doc. 21 (Opp. to Motions to Dismiss) ¶ 1.

2. *The Bankruptcy Proceeding*

On September 18, 2020, the Bermuda Monetary Authority filed separate petitions on behalf of PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar"), and Omnia Ltd. ("Omnia"), seeking to wind up each entity and appoint John Johnston and Rachelle Frisby as joint provisional liquidators (the "JPLs"); those petitions were granted by separate orders, each dated September 25, 2020. *See In re PB Life*, 2024 WL 728276, at *1 (citing to AP Doc. 14-1 (Bermuda Orders)).

On December 3, 2020, the JPLs filed Chapter 15 petitions[4] in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for recognition of the Bermuda proceedings as foreign main proceedings and moved for the joint administration of PBLA, Northstar, and Omnia. *Id.* (citing Bankr. Docs. 1, 8).

Also on December 3, 2020, the JPLs petitioned the Bermuda court to wind up a fourth entity, PB Investment Holdings Ltd. ("PBIHL"), and appoint them as its liquidators as well, and that petition was granted by order dated January 8, 2021. *Id.* (citing AP Doc. 14-1). On December 4, 2020, the Bankruptcy Court granted the motion for joint administration of PBLA, Northstar, and Omnia, and on January 5, 2021, it also granted recognition of their Bermuda proceedings as foreign main proceedings. *Id.* (citing Bankr. Docs. 11, 33). On April 2, 2021, the JPLs filed a Chapter 15 petition for recognition of the PBIHL Bermuda proceeding as a foreign main proceeding and moved

---

[4] Chapter 15 proceedings "provide effective mechanisms for dealing with insolvency cases involving debtors, assets, claimants, and other parties of interest involving more than one country. . . . Generally, a chapter 15 case is ancillary to a primary proceeding brought in another country, typically the debtor's home country. . . . An ancillary case is commenced under chapter 15 by a 'foreign representative' filing a petition for recognition of a 'foreign proceeding.' . . . Through the recognition process, chapter 15 operates as the principal door of a foreign representative to the federal and state courts of the United States." *Chapter 15 – Bankruptcy Basics*, USCourts.gov, https://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-15-bankruptcy-basics (last visited Feb. 21, 2024).

3

for the joint administration of PBIHL with PBLA, Northstar, and Omnia. *Id.* (citing *In re PBIHL*, No. 21-10623 (LGB), Docs. 1, 7). The same day, the Bankruptcy Court granted the motion for joint administration, and on May 4, 2021, it also granted recognition of the PBIHL Bermuda proceeding as a foreign main proceeding. *Id.* (citing Bankr. Docs. 42, 50).

In effect, these orders collectively signify that the Bermuda proceedings of PBLA, Northstar, Omnia, and PBIHL (collectively, "the Debtors") have been recognized as foreign main proceedings in a single jointly administered Chapter 15 proceeding in the Bankruptcy Court before Judge Lisa G. Beckerman. *Id.* at *2.

3. *The Bankruptcy Adversary Proceeding*

On January 4, 2023, Johnston and Frisby, in their capacity as JPLs and authorized foreign representatives for the Debtors,[5] brought an adversary proceeding with 41 causes of action against over 970 defendants, including the NCICs. *Johnston v. Lindberg, et al.*, Case No. 23 Adv. Proc. 1000 (LGB), at Doc. 1 (Bankr. S.D.N.Y. Jan. 4, 2023) (hereinafter, the "Adversary Proceeding"). *See In re PB Life and Annuity Co., Ltd., et. al.*, Case No. 23 Civ. 2604 (ER), 2024 WL 728276, at *1 (S.D.N.Y. Feb. 22, 2024) (citing AP Doc. 1).

On January 18, 2023, two weeks after it was filed, the NCICs moved the Bankruptcy Court to stay the Adversary Proceeding pending authorization from the NC Court, which had enjoined any action against the NCICs without its permission. *See* Doc. 21 ¶ 1, 3.

On March 10, 2023, the Bankruptcy Court granted the motion to stay the Adversary Proceeding (the "Stay Order"). AP Doc. 78. On March 24, 2023, the JPLs appealed the Stay Order to this Court.

---

[5] On September 25, 2023 Frisby was removed as JPL, and was replaced by Edward Willmott, effective October 17, 2023. AP Doc. 257 at 29 n.28.

4

Meanwhile, on May 22, 2023, the JPLs filed a motion in the NC Court for leave to prosecute the Adversary Proceeding. *See* Doc. 1-1 (February 1, 2023 Bankruptcy Contempt Order) ¶ h. The NC Court denied that motion on July 5, 2023. *Id.*

### B. The Bankruptcy Court's Civil Contempt Finding

Notwithstanding the NC Court's denial of leave to prosecute the Adversary Proceeding, Johnston filed an amended complaint in the Adversary Proceeding on September 27, 2023.[6] *See* Doc. 1-1 ¶ i; AP Doc. 129.

On October 17, 2023, the NCICs filed a motion in the Bankruptcy Court (1) to hold the JPLs, now Johnston and Edward Willmott, and their lawyers—Kajon, Pourakis, Robinson, and Koenecke—in contempt for violating the Stay Order, and (2) for sanctions pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927, in connection with the filing of the amended complaint. *See* Doc. 1-1 at 1–2; AP Doc. 142.

On February 1, 2024, the Bankruptcy Court granted the motion in part. It issued an order holding Johnston, "the JPL who authorized the filing of the Amended Complaint," and his lawyers in civil contempt for violating the Stay Order by filing the amended complaint (the "Contempt Order"). Doc. 1-1 ¶ 1. Although the Bankruptcy Court stated that sanctions against Johnston and his individual lawyers were warranted, it granted their request that the monetary sanctions imposed on Johnston and the individual attorneys may be paid by S&L. Doc. 1-1 ¶ 2. S&L timely paid the NCICs the $670,292.04 that the Bankruptcy Court awarded them for legal fees and costs they incurred in connection with the contempt motion. *See* Doc. 22 (Declaration of Nicholas F. Kajon in support of Kajon, Pourakis, and S&L's motion to dismiss the appeal with prejudice) ¶ 5; Doc. 20 ¶ 1.

---

[6] The NCICs provide that the Amended Complaint added "seven new counts and new requests for relief against the NCICs . . . as well as new allegations related to the NCICs." Doc. 21 at 4.

5

### C. The Two Instant Motions to Dismiss

On February 14, 2024, Kajon, Pourakis, Robinson, Koenecke, and S&L, as well Johnston, in his capacity as one of the JPLs, jointly appealed the Contempt Order in this Court, pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003. Doc. 1.

On May 3, 2024, Kajon, Pourakis, Robinson, Koenecke, and S&L (hereinafter, the "Appellants")[7] moved to dismiss their appeal of the Contempt Order pursuant to Federal Rule 8023(b), without prejudice. Doc. 13 (the "May 3 motion to dismiss"). In that motion, they stated that they had proposed to the NCICs that the appeal be resolved through a stipulation of dismissal without prejudice, however Appellees declined on grounds that they would only stipulate to a dismissal *with prejudice*. Docs. 13 at 3, 14 at 1.

On May 6, 2024, appellants Kajon, Pourakis, Robinson, and Koenecke requested via a letter motion to the Court, that, should the Court not dismiss their appeal without prejudice, that the Court grant a sixty (60) day extension of the deadline to file the opening brief on appeal.[8] Doc. 14 at 2; Doc. 15.

On May 14, 2024, appellants Kajon, Pourakis, and S&L changed course and filed a separate motion to dismiss the appeal *with prejudice* as to them, pursuant to Bankruptcy Rule 8023(b). Doc. 20 (the "May 14 motion to dismiss").[9] Robinson and Koenecke

---

[7] Since Johnston separately dismissed his appeal, via stipulation, he is not a party to the instant motions to dismiss. Therefore, for purposes of this opinion and order, "Appellants" refers to all of the original appellants except for Johnson.

[8] At the time the May 6, 2024 letter was filed, a scheduling order was in place for the bankruptcy appeal; it set July 8, 2024 as the deadline for the Appellants to file their opening brief. Doc. 9 (Bankruptcy Appeal Scheduling Order).

[9] The day prior, on May 13, 2024, Kajon and Pourakis emailed counsel for the NCICs with an offer to stipulate to a dismissal *with prejudice* of their and S&L's appeals, pursuant to Bankruptcy Rule 8023(b). Doc. 20 ¶¶ 4, 6. However, their attempt to resolve the appeal was unsuccessful. *Id.* ¶ 6. Robinson and Koenecke provide that Kajon, Pourakis, and S&L filed their motion to dismiss the appeal *with prejudice* "in an effort to resolve" other contempt proceedings in the NC Court, where Kajon, Pourakis, and Johnston had been ordered to appear on May 16, 2024 to show cause why they should not be held in criminal and/or civil contempt for filing the Amended Complaint in the Adversary Proceeding. *See* Doc. 21 at 5. The NCICs

6

persist in their motion to dismiss the appeal without prejudice.

On May 17, 2024, the NCICs filed a single response to both the May 3 motion to dismiss the appeal without prejudice—now just as to Robinson and Koenecke—Doc. 13, as well as the May 14 motion to dismiss the appeal *with prejudice* as to Kajon, Pourakis, and S&L, Doc. 20. Doc. 21. The NCICs make clear that they do not oppose a dismissal *with prejudice*, but insist that this Court should dismiss the entire appeal, "**with prejudice, as to all remaining Appellants**— including Mr. Robinson and Mr. Koenecke." Doc. 21 ¶ 8.

On May 23, 2024, Kajon filed a declaration in support of his, Pourakis, and S&L's May 14 motion to dismiss the appeal *with prejudice*. Doc. 22.

On May 24, 2024, Robinson and Koenecke—the only remaining movants in the May 3 motion to dismiss without prejudice—filed a reply in support of that motion. Doc. 23.

**D. Recent Resolutions**

Robinson and Koenecke argue that additional "[m]aterial facts arising after the Contempt Order was entered on February 1, 2024" have, together with other facts discussed above, "resolved and ended the [NCICs'] interest in the Contempt Order, and this Appeal." Doc. 23 at 4. In particular:

- At a pre-filing hearing on February 13, 2024, in the Adversary Proceeding, the Bankruptcy Court approved of the contents of an amended complaint, which the Debtors thereafter filed on February 14, 2024. *See* Doc. 23 (Reply in support of Koenecke and Robinson's motion to dismiss without prejudice) at 4–5 (citing AP Doc. 257).

- On February 22, 2024, this Court affirmed the Bankruptcy Court's March 10, 2023 Stay Order. *In re PB Life*, 2024 WL 728276, at *6. Although the

---

had moved the NC Court for an order to show cause against Kajon, Pourakis, and Johnston, on October 2, 2023, separately from the contempt motion they filed in Bankruptcy Court on October 17, 2023. *See* Doc. 23 at 5. On May 14, 2025, following several actions that Appellants and Johnston took "in an effort to purge their NC Court civil contempt," discussed further below, the NC Court cancelled the May 16 show cause hearing. Doc. 21 at 5 n.7. The NCICs and Johnston separately "resolved their dispute before the [NC] Court in May 2024." Doc. 23 at 6. Robinson and Koenecke "never were parties or participants to that [NC Court] contempt proceeding." *Id.* at 6.

- Debtors and their JPLs initially filed a notice of appeal from that decision to the Second Circuit, on March 22, 2024, they ultimately withdrew that appeal on May 7, 2024. *In re PB Life*, Case No. 23 Civ. 2604 (ER) at Docs. 44, 47.

- On May 2, 2024, the NCICs were dismissed as defendants in the Adversary Proceeding, with prejudice, through a stipulation and order. *See* Doc. 23-6 (So-Ordered Stipulation of Dismissal).

- On May 8, 2024, Johnston entered a stipulation of voluntary dismissal *with prejudice* as to his appeal of the Contempt Order. Doc. 18. This Court so-ordered the stipulation on May 9, 2024. Doc. 19.

- In the Kajon declaration filed on May 23, 2024, "S&L, as a party to the Motion to Dismiss with Prejudice . . . effectively and conclusively confirmed that it will not seek in the future relief from the award of monetary sanctions that S&L has already paid to the Appellees." Doc. 23 at 6. In other words, S&L will not seek to claw back the penalty it has already paid.

- In the Kajon declaration filed on May 23, 2024, Kajon, Pourakis, and S&L confirmed they withdrew from the May 3 motion to dismiss the appeal without prejudice, given they "now seek to have their participation in this appeal dismissed *with prejudice*" as set forth in their May 14 motion to dismiss. Doc. 22 at 2 n.2 (emphasis added).[10]

## II.  LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8023(b) provides that, where an appellant moves to dismiss their appeal, a district court may dismiss the appeal "on terms agreed to by the parties or fixed by the district court." Fed. R. Bankr. P. 8023(b).

"The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter." *Jones v. SEC*, 298 U.S. 1, 19 (1936).

---

[10] As discussed above, Robinson and Koenecke state that Kajon, Pourakis, and S&L filed the May 14 motion to dismiss the appeal *with prejudice* as to themselves "in an effort to resolve" the NC Court contempt proceedings against them. Doc. 23 at 5. The NCICs state that, prior to the NC Court cancelling the May 16, 2024 order to show cause hearing, Appellants and Johnston additionally attempted to "purge their NC Court civil contempt" through their dismissals of the Adversary Proceeding against the NCICs, of the appeal to the Second Circuit of this Court's opinion affirming the Stay Order, and of Johnston's appeal of the Contempt Order, with prejudice. Doc. 21 at 5.

Therefore, the Second Circuit's presumption—typically exercised in the context of motions for voluntary dismissals brought pursuant to Federal Rule of Civil Procedure 41(a)—is that a voluntary dismissal should be granted without prejudice, absent a showing that "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). "Plain legal prejudice" includes, for example, a situation in which a defendant is "ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." *Ascentive, LLC v. Opinion Corp.*, Case No. 10 Civ. 4443 (ILG) (SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012) (quoting *Camilli*, 436 F.3d at 124); *see also Paulino v. Taylor*, 320 F.R.D. 107, 109–10 (S.D.N.Y. 2017) (quoting *Jones*, 298 U.S. at 20) ("[L]egal prejudice requires that 'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.'").

### III. DISCUSSION

#### A. The Motion to Dismiss the Appeal With Prejudice is Granted

The NCICs do not oppose dismissal of the appeal *with prejudice*. Their sole reason for opposing the subsequently filed May 14 motion to dismiss the appeal with prejudice, is that the NCICs seek for the Court to dismiss the appeal, with prejudice, as to "*all* remaining Appellants." Doc. 21 ¶ 8 (emphasis in original).

The Court declines to deny the motion to dismiss on the basis that it is not uniformly dismissing the appeal with prejudice as to all Appellants. Given the NCICs and Kajon, Pourakis, and S&L agree their appeal should be dismissed with prejudice, the Court grants the May 14 motion to dismiss.

#### B. The Motion to Dismiss the Appeal Without Prejudice is Granted

The only Appellants who still seek to dismiss the appeal without prejudice are Robinson and Koenecke (the "Remaining Appellants"). The Court finds

9

that dismissing the appeal without prejudice as to Robinson and Koenecke will not cause the NCICs "plain legal prejudice" beyond the "mere prospect of a second litigation." *Jones*, 298 U.S. at 19.

The Remaining Appellants do not seek dismissal without prejudice "for tactical reasons," as the NCICs allege. Doc. 21 ¶ 14 (quoting *Petroval Bunker Int'l B.V. v. CMA CGM S.A.*, 636 F. Supp. 2d 300, 304 (S.D.N.Y. 2009)). The Remaining Appellants expressly intend to seek relief from the Bankruptcy Court's civil contempt finding against them, which they argue is "now a collateral Order." Doc. 23 at 3 (citing *Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 398–99 (2d Cir. 1997) and *SerVaas Inc. v. Mills*, 661 F. App'x 7, 9 (2d Cir. 2016) for the proposition that a contempt order against an attorney is appealable based on the attorney's reputational interest). They explain that they would seek such relief pursuant to Federal Rule of Civil Procedure 60(b), "*not by way of reconsideration*." Doc. 23 at 8 (emphasis added).[11] They allege that, "[a]s part of the Remaining Appellants' intended future application to the Bankruptcy Court . . . Mr. Kajon will explain his sole responsibility for the actions that led to the Bankruptcy Court's civil contempt findings against [Robinson and Koenecke]," namely that Kajon was the only lawyer who signed and filed the Amended Complaint. *Id.* at 3, 6. Therefore, the Remaining Appellants do not seek to reopen all "findings of fact and conclusions of law made by the Bankruptcy Court," Doc. 21 ¶ 14, and their motion is not based on the kind of evasive motive that this Court has deemed inappropriately tactical. *Cf. Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (denying plaintiff's voluntary dismissal without prejudice at summary judgment, following the

---

[11] Federal Rule 60(b) provides bases for a Court to "relieve a party or its legal representative from a final judgment, order, or proceeding," including where applying the judgment "is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). The NCICs argue that there are no new grounds upon which the Remaining Appellants could argue the contempt finding is "prospectively . . . no longer equitable," and in any event, they "did not preserve the issue of prospective application of the order." Doc. 21 ¶ 15. However, the NCICs do not provide any authority that any such obligation to preserve exists.

10

conclusion of discovery, where it was "quite clear" that plaintiff's motive behind the motion was "to avoid the prospect of an adverse decision on a dispositive motion").

Relatedly, the NCICs are unlikely to have to relitigate any underlying disputes, as most have been fully resolved or dismissed. First, the Appellants argue that, on February 14, 2024, the Debtors "cured the Amended Complaint" that served as the basis for the Contempt Order, by filing an amended complaint in the Adversary Proceeding which the Bankruptcy Court reviewed and approved. Doc. 23 at 4–5.[12] Second, and "[p]otentially most substantively as to the [NCICs'] interests and rights," on May 2, 2024, the claims in the Adversary Proceeding against the NCICs were dismissed with prejudice. Doc. 23-6. Therefore, the NCICs will not be "once again dragged into the Adversary Proceeding," as they claim. Doc. 21 ¶ 19. Third, on May 7, 2024, the Debtors, along with their JPLs, dismissed their appeal to the Second Circuit of this Court's decision affirming the Stay Order. Doc. 23-5.[13] Fourth, the instant appeal has already been dismissed *with prejudice* as to Johnston, via the May 8, 2024 stipulation, Doc. 19, and as to Kajon, Pourakis, and S&L, through this opinion and order. Therefore, the NCICs will not have to relitigate any Contempt Order findings against those appellants.[14] Fifth, "S&L timely and fully paid to the [the NCICs] the monetary sanctions" from the Contempt Order, which were "awarded at its request solely against the firm and not its clients[.]" Doc. 23 at 5.

---

[12] The NCICs respond to this argument by stating that Appellants' "position appears to be that they can violate court orders, but as long as they cure the violation many months letter—under threat of additional civil and criminal contempt penalties with respect to two of the Appellants—they can seek to have the findings of contempt purged from the record." Doc. 21 ¶ 20. The Court determines that these arguments—that is, to what extent, if any, the purported "curing" of the Amended Complaint may support relief from the contempt finding against the Remaining Appellants—should be evaluated on the merits of their anticipated Rule 60(b) motion.

[13] Although it is not reflected on the appeal dismissal itself, Doc. 23-5, the Remaining Appellants claim that that appeal was dismissed *with prejudice*. Doc. 23 at 5.

[14] The Remaining Appellants argue that even as to themselves, the NCICs will not "be required or compelled to oppose" their intended Rule 60(b)(5) or (6) motion seeking relief from the Contempt Order, as "the Contempt Order has become a collateral one between the Courts and Remaining Appellants[.]" Doc. 23 at 8–9.

The NCICs' concern that the already-paid monetary sanctions may be clawed back is of no moment. The Contempt Order only awarded sanctions against S&L, not any of the named attorneys, and S&L's appeal is being dismissed with prejudice herein. In addition, Kajon's declaration asserts that "S&L will never seek to recover from the NCICs the $670,292.04 [in] monetary sanctions" already paid. Doc. 22 ¶ 5. The Remaining Appellants have also stated that they "have no stake or claim personally with respect to the money paid pursuant to th[e] [Contempt] Order, nor in any disposition of it on appeal." Doc. 14 at 2, Doc. 15. In other words, the Remaining Appellants are not looking to relitigate the contempt motion generally, or the sanctions imposed and already paid. They are simply looking to have the ability to petition the Bankruptcy Court to revisit the finding that they personally engaged in contumacious behavior. Therefore, the monetary sanctions imposed on and paid by S&L "will stand notwithstanding any future relief the Remaining Appellants may seek from the contempt findings against them." Doc. 23 at 5.

Finally, that the NCICs may choose to expend resources to "defend against" the Remaining Appellants' anticipated 60(b)(5) or (6) motion does not militate in their favor, as the "mere prospect" of additional litigation does not constitute legal prejudice and therefore does not justify denying a voluntary dismissal without prejudice. *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123).

In sum, the NCICs have not demonstrated that they will suffer a "plain legal prejudice" if the appeal is dismissed without prejudice, such that the Court should instead grant the voluntary dismissal *with prejudice*. *Jones*, 298 U.S. at 19. The Court determines that a dismissal of the appeal, without prejudice as to the Remaining Appellants, is warranted.

### IV. CONCLUSION

For the reasons set forth above, both motions to dismiss the appeal—with prejudice as to Kajon, Pourakis, and Stevens & Lee, P.C., Doc. 20, and without prejudice as to Robinson and Koenecke, Doc. 13—are GRANTED.

The motions for an extension of time for Appellants to file an opening appeal brief, Docs. 14, 15, are hereby DENIED as moot.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 13, 14, 15, and 20, and to close the case.

It is SO ORDERED.

Dated: February 24, 2025
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.